**IT IS ORDERED as set forth below:**



Date: September 12, 2018

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE: | ) | CHAPTER 7 |
|---|---|---|
| | ) | |
| JESSIE HAYES | ) | CASE NO. 17-52318-PWB |
| MARQAVAION MOORE | ) | CASE NO. 17-52406-PWB |
| SHELTON OWENS | ) | CASE NO. 17-52410-PWB |
| TRAVIS TEGNER  (TIGNER) | ) | CASE NO. 17-52418-PWB |
| WENDELL STEPP | ) | CASE NO. 17-52420-PWB |
|       DEBTORS. | ) | |
| ------------------------------- | | ------------------------------- |
| DANIEL M. MCDERMOTT, | ) | |
| UNITED STATES TRUSTEE, | ) | |
|     MOVANT | ) | |
| | ) | |
|     v. | ) | CONTESTED MATTER |
| | ) | |
| RUBEN S. HAUWANGA, | ) | |
|     RESPONDENT. | ) | |

**ORDER IMPOSING FINES AND INJUNCTIONS**

On May 25, 2018, the United States Trustee filed and served a Motion for Review of Petition Preparer's Conduct, for Imposition of Fines for Violations of Statute, and for

1

Injunctive Relief under 11 U.S.C. § 110 (the "Motion") in each of these cases.[1] On July 2, 2018, the respondent, Ruben S. Hauwanga, filed his response in each case (the "Response").[2] The Court conducted a preliminary hearing on July 19, 2018, and an evidentiary hearing on August 10, 2018. At each hearing, Jeneane Treace, appeared on behalf of the United States Trustee and Ruben Hauwanga appeared pro se.

Pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, at the conclusion of the evidentiary hearing, the Court announced findings of fact and conclusions of law. Those findings and conclusions are incorporated into this Order.

## The United States Trustee's Motion

First, the United States Trustee requested the Court find that Mr. Hauwanga acted as a bankruptcy petition preparer in each of these cases. A "bankruptcy petition preparer" is a person, other than an attorney, who prepares for compensation a "document for filing." 11 U.S.C. § 110(a)(1). A "document for filing" is a petition or any other document prepared for filing by a debtor in a United States bankruptcy court in connection with a case under title 11. 11 U.S.C. § 110(a)(2). In his Response and in testimony elicited at the evidentiary hearing, Mr. Hauwanga admitted that he acted as a petition preparer in these five cases.

Second, the United States Trustee requested the Court to find that Mr. Hauwanga violated Bankruptcy Code sections 110 (b) and (c) by failing to include his name, address, signature, and social security number on the Motion to Withdraw Case that he prepared for filing in each of the five cases.[3] In his Response and in testimony elicited at the evidentiary hearing, Mr. Hauwanga admitted that he prepared each Motion to Withdraw Case and delivered them to the Clerk for filing. Mr. Hauwanga argued that he was not required to comply with sections 110(b) and (c) because his preparation of the documents was "uncompensated typing services."

---

[1] The Motion was filed in the *Hayes* case at Dkt. No. 76, in the *Moore* case at Dkt. No. 97, in the *Owens* case at Dkt. No. 85, in the *Tigner* case at Dkt. No. 102, and in the *Stepp* case at Dkt. No. 70.
[2] The Response was filed in the *Hayes* case at Dkt. No. 83, in the *Moore* case at Dkt. No. 104, in the *Owens* case at Dkt. No. 92, in the *Tigner* case at Dkt. No. 109, and in the *Stepp* case at Dkt. No. 77.
[3] The motion is at Dkt. 11 in *Hayes,* Dkt. No. 13 in *Moore,* Dkt. No. 11 in *Owens,* Dkt, No. 12 in *Tigner*, and Dkt. No. 12 in *Stepp.*

2

Third, the United States Trustee requested the Court find that Mr. Hauwanga violated Bankruptcy Code section 110(h)(2) by failing to file a mandatory fee disclosure statement (Official Form B2800) together with the petitions he delivered for filing in the *Moore, Owens, Tigner, and Stepp* cases. In his Response and in testimony elicited during the evidentiary hearing, Mr. Hauwanga admitted he delivered all five petitions to the Clerk's office in February 2017.[4] In the *Moore, Owens, Tigner, and Stepp* cases, the Court's official records show the fee disclosure form was not filed together with the petition. Rather than filing the fee disclosure forms together with the petitions in these four cases, Mr. Hauwanga filed his fee disclosure forms in April 2017.[5]

Fourth, the United States Trustee requested the Court find that Mr. Hauwanga violated section 110(h)(2) because the fee disclosure forms he filed were inaccurate. The fee disclosure forms prepared and filed by Mr. Hauwanga indicate he charged $125 to each debtor; received $125 for the *Hayes, Owens, Tigner, and Stepp* cases; received $0 from or on behalf of *Moore*; and issued a $25 refund to each debtor, including Mr. Moore.[6] In his Response and in testimony elicited during the evidentiary hearing, Mr. Hauwanga admitted that Roderick Walker paid him $125 for each case (for a total of $625) and that he has not issued any refunds.

Fifth, pursuant to Bankruptcy Code section 110(l)(1), the United States Trustee requested the Court impose fines of up to $500 for each violation.

Sixth, pursuant to Bankruptcy Code section 110(l)(2)(D), the United States Trustee requested the Court triple the amount of fines because Mr. Hauwanga prepared a document (the Motion to Withdraw Case) in a manner that failed to disclose his identity as the preparer.

Seventh, the United States Trustee requested the Court find Mr. Hauwanga failed to comply with previous consent orders issued under section 110, specifically: the Consent Order entered by the United States Bankruptcy Court, Northern District of

---

[4] The petitions are at Dkt. No. 1 in each case.
[5] The fee disclosure forms filed in April 2017 are at Dkt. 45, page 25, in *Moore*; Dkt. 34 in *Owens*; Dkt. 44, page 33, in *Tigner;* and Dkt. 31, page 34, in *Stepp*.
[6] The fee disclosure forms are at Dkt. 1, page 26, and Dkt. 32 in *Hayes*; Dkt. 45, page 25, in *Moore*; Dkt. 34 in *Owens*; Dkt. 44, page 33, in *Tigner;* and Dkt. 31, page 34, in *Stepp*.

Georgia, Atlanta Division, on October 22, 2013, in the *Monique Maisha Russell* case, 13-58903-MHM (Dkt. No. 26) and the Consent Order entered by the United States Bankruptcy Court, Southern District of Georgia, Statesboro Division, on January 17, 2014, in an adversary proceeding (AP 13-6008) commenced in the *Sara Jones Ricks* case, 13-60100-JSD (AP Dkt. No. 16).  In both orders, Mr. Hauwanga agreed to abide by the requirements and restrictions of Bankruptcy Code section 110 and he expressly agreed that on each and every document he prepared for filing in the United States Bankruptcy Court for an assisted person to whom he charged a fee or who paid him a fee, he would print his name and address; affix his signature; and place his Social Security Number on the document.  Copies of the orders were entered into evidence, without objection, and Mr. Hauwanga testified that he signed each Consent Order.

### Findings of Fact and Conclusions of Law[7]

Ruben S. Hauwanga, acted as a non-attorney petition preparer in connection with the bankruptcy cases filed by Jessie Hayes (Case No. 17-52318-PWB),  Marqavaion Moore (Case No. 17-52406-PWB), Shelton Owens (Case No. 17-52410-PWB), Travis Tigner (misspelled on the petition as Tegner) (Case No. 17-52418-PWB), and Wendell Stepp (Case No. 17-52420-PWB) (collectively, the "Bankruptcy Cases").  He prepared documents for filing in each Bankruptcy Case. He charged and received a fee of $125 per case, for a total of $625.

Bankruptcy Code section 110(h)(2) requires the bankruptcy petition preparer to file, together with the petition, a declaration, under penalty of perjury, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case and any unpaid fee charged to the debtor (Official Form 2800).  The plain wording of the statute requires the fee disclosure form be filed "together with the petition."  Mr. Hauwanga violated 11 U.S.C. § 110(h)(2) in the *Moore, Owens, Tigner*, and *Stepp* cases because he failed to file his fee disclosure statement together with the

---

[7] Pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, at the conclusion of the evidentiary hearing, the Court announced findings of fact and conclusions of law.  This Order contains a partial recitation of those findings and conclusions.  The facts were generally undisputed.

petitions he delivered for filing in these cases.[8]  Mr. Hauwanga further violated section 110(h)(2) by filing inaccurate fee disclosure forms.  In all five Bankruptcy Cases the fee disclosure forms erroneously indicated he had issued a $25 refund to each debtor.[9]  In the *Moore* case the fee disclosure form erroneously indicated the $125 was unpaid.

Bankruptcy Code sections 110(b) and (c) require a bankruptcy petition preparer who prepares a document for filing to sign the document and print his name, address, and social security number on the document.[10]  Mr. Hauwanga violated sections 110(b) and (c) by failing to include his name, address, signature, and social security number on the Motion to Withdraw Case that he prepared for filing in each of the Bankruptcy Cases.[11]  At the evidentiary hearing, Mr. Hauwanga introduced into evidence a Form 119 – Addendum 1 that he prepared for filing in the *Hayes* case, which listed the Motion to Withdraw Case as a document he prepared for filing.  The form is dated February 16, 2017, two days after Mr. Hauwanga delivered the motion for filing in the *Hayes* case.  Subsequent filing of Form 119 would have been insufficient because the statute requires contemporaneous disclosure of the preparer's identity.  The Court rejects, as a matter of law, Mr. Hauwanga's argument that he was excused from these requirements because he was not separately compensated for the Motion to Withdraw Case.  A person who acts as a bankruptcy petition preparer in or in connection with a case must comply with the statute as to each and every document prepared for filing in the case.

## Imposition of Fines

---

[8] It is no defense that the Clerk's office issued deficiency notices.  The notices, issued as a courtesy, do not excuse timely compliance with bankruptcy statutes and rules.

[9] Also, Mr. Hauwanga failed to accurately identify the source of compensation.  Form 2800 requires the preparer to "specify" the source of compensation. Mr. Hauwanga should have named the person who paid the fee, not merely the person's relationship to the debtor.

[10] Official Form 119, entitled "Bankruptcy Petition Preparer's Notice, Declaration and Signature," includes sections for the preparer to provide his name, address, signature, and social security number. Form 119 instructs preparers that they "must fill out this form every time they help prepare documents that are filed in the case" and warns that "[a] bankruptcy petition prepare who does not comply . . . may be fined, imprisoned, or both."   The Committee Notes accompanying Official Form 119 state:  "Although space is provided in the declaration to list multiple documents prepared for a single filing, a new form 19 must be completed and accompany subsequent filings. For example, one form 19 listing all forms prepared by the bankruptcy petition preparer would be filed with the debtor's petition package. Another form 19 would be required if the debtor files amended schedules later in the case that were prepared by the bankruptcy petition preparer."

[11] Mr. Hauwanga testified he prepared the motions using a software program.  Petition preparers can merely type text dictated by debtors. Preparers who do otherwise are likely engaged in the unauthorized practice of law.

The Court identified fourteen violations of Bankruptcy Code section 110. The Bankruptcy Code authorizes the Court to impose a fine of not more than $500 for each violation of subsection (b), (c), and (h). 11 U.S.C. § 110(l)(1). The Bankruptcy Code provides for the Court to triple the amount of fines assessed in any case in which the Court finds the bankruptcy petition preparer prepared a document for filing in a manner that failed to disclose the identity of the preparer. 11 U.S.C. § 110(l)(2)(D). The Court considered these parameters in assessing the amount of fines imposed in these cases. Based on the Court's findings of fact and conclusions of law, it is hereby

ORDERED that, because he violated section 110(h)(2) by failing to file a fee disclosures together with the petition, Ruben Hauwanga shall pay a fine of $500 in the *Moore, Owens, Tigner, and Stepp* cases (for a total of $2,000); and it is further

ORDERED that, because he violated section 110(h)(2) by filing inaccurate fee disclosures in the *Hayes, Moore, Owens, Tigner, and Stepp* cases, Ruben Hauwanga shall pay a fine of $100 per case (for a total of $500); and it is further

ORDERED that because he violated sections 110(b) and (c) by failing to list identifying information on the Motion to Withdraw Case filed in the *Hayes, Moore, Owens, Tigner, and Stepp* cases, Ruben Hauwanga shall pay a fine of $100 per case (for a total of $500); and it is further

ORDERED Ruben Hauwanga shall pay the fines (totaling $3,000) to the United States Trustee within 35 days of the date of entry of this Order; and it is further

ORDERED that if Mr. Hauwanga fails to timely tender payment, the United States Trustee may present a judgment for entry by the Court.

### Injunctive Relief

Based on the Court's findings of fact and conclusions of law, it is hereby

ORDERED that Ruben Hawaunga shall comply with Bankruptcy Code sections 110(b) and (c), which require a bankruptcy petition preparer who prepares a document for filing sign the document and print his name, address, and social security number on every document he prepares for filing in the case, whether or not he receives additional or separate compensation for the document; and it is further

6

ORDERED that Ruben Hauwanga shall comply with Bankruptcy Code section 110(h)(2) and Federal Rule of Bankruptcy Procedure 2017, which require the bankruptcy petition preparer file, together with the petition, a declaration, under penalty of perjury, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case and any unpaid fee charged to the debtor; and it is further

ORDERED that Ruben Hauwanga shall comply with Bankruptcy Code section 110(h)(2) and Federal Rule of Bankruptcy Procedure 2017 by preparing and timely filing fee disclosure forms, and any required supplements, that accurately list the amount charged, amount paid, and source of compensation paid or to be paid; and

The Court denies the United States Trustee's request to enjoin Mr. Hauwanga from acting as a bankruptcy petition preparer. Under 11 U.S.C. § 110(j)(2)(B), the Court may enjoin a person from acting as a bankruptcy petition preparer if the Court finds the person has continually engaged in conduct that violates the Bankruptcy Code, continually engaged in fraudulent, unfair, or deceptive conduct, or has not paid a penalty imposed under section 110. The violations here, standing alone, do not establish grounds for such an injunction. This denial is without prejudice to the rights of the Unites States Trustee to assert, in another proceeding, that these violations are part of a continuous pattern or practice of violating requirements to applicable bankruptcy preparers.

- END OF DOCUMENT -

Modified by the Court based on
Proposed Order Prepared by

*Jeneane Treace*
R. Jeneane Treace
Georgia Bar No. 716620
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
(404) 331-4437
jeneane.treace@usdoj.gov

DISTRIBUTION LIST

Ruben S. Hauwanga
4902 Charter Oak Court
Kennesaw, GA 30144

Jason L. Pettie
P.O. Box 17936
Atlanta, GA 30316

Jessie Hayes
2250 Pelican Dr.
Unit 327
Norcross, GA 30071

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303